## Guisinger v. Arndt
### [Cite as 4 AOA 131]

*Case No. CA-955*
*Ashland County, (5th)*
*Decided June 8, 1990*

*George Hall Weldon, Huston & Keyser 28 Park Ave. West, 9th Floor, Mansfield, OH 44902, for Plaintiff-Appellee.*

*Ronald P. Forsthoefel, 244 West Main Street, Loudonville, OH 44842, for Defendants-Appellants.*

SMART, J.

This is an appeal from a summary judgment of the Court of Common Pleas of Ashland County, Ohio, entered in favor of plaintiff-appellee Robert A. Guisinger (appellee) and against defendant-appellant George and Nettie Arndt (appellants).

Appellants executed a promissory note secured by a mortgage on their real estate. The note was payable to appellee in the amount of $25,000, plus interest. The note provided in pertinent part:

"ON OR BEFORE two years after date, for value received, the undersigned Debtor promises to pay to the order of ROBERT A. GUISINGER the sum of TWENTY FIVE THOUSAND DOLLARS in lawful money of the United States of America at the following address: 263 Ashland County Road 959, Loudonville, Ohio 44842, or such other place as the Holder may direct, with interest until maturity at the rate of Twenty Percent (20%) per annum, payable on the *10* day of February, 1985 and on the *10* day of February, 1986.

The Principal to be due and payable on or before two (2) years from the date of this note. There shall be no penalty for prepayment of any portion or all of the balance owing Holder, Under the terms of this Note."

Appellants did not redeem the note when it came due; appellee filed the complaint for foreclosure of the real estate. Appellants argued that the interest rate is usurious but the trial court held that the terms of the note met the statutory exception to the maximum interest rate.

Appellants assign two errors to the trial court:

*"ASSIGNMENT OF ERROR NO. I.*
"THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT BY FINDING THAT THE PROMISSORY NOTE IN QUESTION FALLS WITHIN THE PURVIEW OF R.C. 1343.01(B) (5), AND AS A RESULT, THAT

THERE WAS NO GENUINE ISSUE OF MATERIAL FACT AS TO WHAT AMOUNT IS DUE AND OWING, WHERE THE NOTE IN QUESTION IS PAYABLE IN TWO PAYMENTS, ONE BEING DUE ON FEBRUARY 10, 1985 FOR INTEREST ONLY, AND THE OTHER BEING DUE ON FEBRUARY 10, 1986.

*"ASSIGNMENT OF ERROR NO. II.*
"THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE THE FULL RELIEF REQUESTED IN HIS COMPLAINT WHERE THE PARTIES ALL ACKNOWLEDGE THAT THERE EXISTS A DISPUTE AS TO THE AMOUNT DUE ON THE PROMISSORY NOTE IN QUESTION."

I.

In their first assignment of error appellants urge that the trial court was incorrect as a matter of law.

Revise Code §1343.01(B) states in pertinent part:

"(B)  Any party may agree to pay a rate of interest in excess of the maximum rate provided in division (A) of this section when:

" . . .

"(5)  The instrument is payable on demand or in one installment and is not secured by household furnishings or other goods used for personal, family, or household purposes."

The trial court found that under the terms of the note the principle and the unpaid interest was due in one installment, and the fact that one payment of interest was due before that did not remove the note from the exception for instruments payable in one installment.

Appellant cite us to R.C. §1321.13, and urge that under that statute, interest amounts are considered in "installment payments." Without determining whether that statute is applicable, we find that it speaks of installments as being payments for interest and principle, paid in consecutive monthly installments. The terms of this note do not qualify it under R.C. §1321.13, even if we assume *arguendo* that the statue applies otherwise.

Neither party cites any case law on point

We find that this note payable in a single installment and therefore was within the exception articulated in R.C. §1343.01(B)(5).

The first assignment of error is overruled.

II.

In their second assignment of error, appellants urge that there was a dispute as to the total amount due on the note, and therefore summary judgment was inappropriate.

The trial court found that the amount due was readily ascertainable.

We have reviewed the record and find that appellee submitted an affidavit, regarding the amount due. Appellants' affidavit does not allege any fact regarding the amount due, but only addresses the issue contained in Number I, *supra* regarding the number of installments. Because appellants failed to respond to the summary judgment motion with any evidentiary materials regarding the amount due, we find that the trial court was not presented with any issues of fact, see Civ. R. 56(E).

At the hearing on the motion for summary judgment, appellee stated that he was not requesting judgment for a specific amount due, but rather for an order of sale with the amount due to be determined later. Appellants urge that the trial court severely prejudiced the ability of appellants to defend in the issue of the amount of money due on the note. Our review of the documents in the record indicates that the trial court did not grant relief beyond that requested in the motion for summary judgment, or beyond that established in appellee's affidavit. The trial court's entry indicates that the precise amount due and owing will be determined mathematically at a future date.

The second assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.

*Judgment affirmed.*

MILLIGAN, P.J., and HOFFMAN, J., concur.